1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REBECCA A. HOCKETT,

                   Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                 Defendant.

Case No. 3:13-cv-05437-BHS-KLS

REPORT AND RECOMMENDATION

Noted for May 30, 2014

      Plaintiff has brought this matter for judicial review of defendant's denial of her

application for disability insurance benefits.  This matter has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as

authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  After reviewing

the parties' briefs and the remaining record, the undersigned submits the following Report and

Recommendation for the Court's review, recommending that, for the reasons set forth below,

defendant's decision to deny benefits should be reversed and this matter should be remanded for

further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

      On September 29, 2010, plaintiff filed an application for disability insurance benefits,

alleging disability as of January 15, 2009, due to sleep apnea, diabetes, high blood pressure,

back, hip, and neck pain, and a stroke affecting learning and retention. See Administrative

Record ('AR) 201-02, 217.  Her application was denied upon initial administrative review and on

REPORT AND RECOMMENDATION - 1

reconsideration. See AR 134-36, 141-45.  A hearing was held before an administrative law judge ("ALJ") on February 8, 2012, at which plaintiff, represented by counsel, appeared and testified, as did plaintiff's husband and a vocational expert. See AR 18, 39.

On March 19, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 15-35.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 25, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481. On June 6, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Docket ("Dkt") #1.  The administrative record was filed with the Court on August 15, 2013. See Dkt #9.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further administrative proceedings, because the ALJ erred: (1) in finding her to be capable of returning to her past relevant work; and (2) in evaluating the medical evidence in the record.  The undersigned agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, recommends that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will,

REPORT AND RECOMMENDATION - 2

1   nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence

2   and making the decision.") (citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d

3   432, 433 (9th Cir. 1987)).

4       Substantial evidence is "such relevant evidence as a reasonable mind might accept as

5   adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation

6   omitted); <u>see</u> <u>also</u> <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

7   supported by inferences reasonably drawn from the record."). "The substantial evidence test

8   requires that the reviewing court determine" whether the Commissioner's decision is "supported by

9   more than a scintilla of evidence, although less than a preponderance of the evidence is required."

10  <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of

11  more than one rational interpretation," the Commissioner's decision must be upheld. <u>Allen v.</u>

12  <u>Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to

13  support either outcome, we must affirm the decision actually made.") (quoting <u>Rhinehart v. Finch</u>,

14  438 F.2d 920, 921 (9th Cir. 1971)). [1]

15

16

17  I.    The ALJ's Step Four Determination

18      The claimant has the burden at step four of the disability evaluation process to show that

19  he or she is unable to return to his or her past relevant work. <u>Tackett v. Apfel</u>, 180 F.3d 1094,

20  1098-99 (9th Cir. 1999).  However, the ALJ is still required to make the requisite factual

21

22

23  [1] As the Ninth Circuit has further explained:

24          . . . It is immaterial that the evidence in a case would permit a different conclusion than that
        which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by
25          substantial evidence, the courts are required to accept them.  It is the function of the
        [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
26          not try the case de novo, neither may it abdicate its traditional function of review.  It must
        scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
        rational.  If they are . . . they must be upheld.

<u>Sorenson</u>, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

findings to support his or her conclusion that a claimant can perform their past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001).  To be found not disabled at Step 4, the claimant must be found to be able to perform the "actual functional demands and job duties" of past relevant work, or found to be able to perform the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." SSR 82-61, 1982 SSR Lexis 31.  The ALJ must make specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity ("RFC") to the past relevant work.  Pinto, 249 F.3d at 845 (citing SSR 82-62, 1982 Lexis 27).

The ALJ made the following RFC finding:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except for the following limitations.  She is able to sit for 2-hour intervals with brief stretch breaks for up to 8 hours per day.  She is able to lift and/or carry up to 10 pounds occasionally and frequently.  She is able to stand and/or walk in 15-minute intervals for 1-to-2 hours per day.  She is limited to occasional stooping, kneeling, crouching, climbing stairs/ramps, and balancing.  She can never climb ladders or crawl.  As to mental residual functional capacity, she is able to remember, understand, and carry out simple and detailed instructions or tasks generally required by occupations with an SVP (specific vocational preparation) level of 1 to 4.

AR 22.  Based on this RFC, the ALJ concluded the plaintiff was capable to performing her past work as a receptionist as it was actually performed and as it is generally performed in the national economy.  AR 29.  In support of this conclusion, the ALJ noted:

> The claimant testified that part of the job she performed as a receptionist required her to do some filing which would allow her to get up to stand and walk, and alternate from a sitting position.  Although she does have some limitations due to memory problems, these limitations would not preclude her prior work as a receptionist as she performed the job and as it is generally performed in either the regional or national economies.  However, the claimant's residual functional capacity of limited sedentary work would exclude her other past relevant work due to exertional and/or skill level demands.

> Therefore, in comparing the claimant's residual functional capacity with the physical and mental demands of her past relevant work, the undersigned finds that the claimant could

REPORT AND RECOMMENDATION - 4

perform her work as a receptionist because it would not exceed the claimant's residual functional capacity limited to sedentary, semi-skilled work up to SVP 4 level.

Id. The ALJ did not elicit any vocational expert testimony regarding the RFC or the plaintiff's ability to perform her past relevant work.  Plaintiff argues that the ALJ erred in his Step 4 determination.  The Court agrees.

In defining "a claimant's past relevant work as actually performed," the Ninth Circuit has stated there are "two sources of information that may be used" to do so: "a properly completed vocational report" and "the claimant's own testimony." Pinto, 249 F.3d at 845 (citing SSR 82-41, 1982 WL 31389, and SSR 82-61).  The plaintiff's "Work History Report" lists multiple receptionist type jobs.  AR 235-36.  When asked how many total hours in a work day the plaintiff spent walking, standing, or sitting in these jobs, the plaintiff stated "all during work day" for all three activities.  AR 237-41, 243-46.  Further, when asked what the heaviest weight she lifted in these jobs was, she checked the box for twenty pounds for several of the jobs she labeled as reception type work.  AR 237-39, 245-46.   Plaintiff also testified regarding her past work as a receptionist.  AR 46-49, 54-55.  She noted that this job involved answering phones, filing, making copies, faxing documents, and typing on a computer. AR 47.  The plaintiff gave no testimony regarding the lifting, standing, walking, or sitting requirements of her past reception work.

The ALJ concluded that the plaintiff could return to her reception job as actually performed, but failed to explain how he came to that conclusion.  He noted that the plaintiff testified to doing some filing as part of her reception job, which "would allow her to stand and walk, and alternate from a sitting position."  AR 29.  The ALJ pointed to no evidence in the record regarding how often or for how long the plaintiff was required to do filing as a part of this job.  While the filing task may adequately account for the RFC finding that the plaintiff would need "brief stretch breaks," it does not account for the RFC finding that the plaintiff could only "stand

REPORT AND RECOMMENDATION - 5

and/or walk in 15-minute intervals for 1-to-2 hours per day." AR 22.  The ALJ pointed to no

evidence to support a conclusion that the filing activity would allow for the needed stretch

breaks, while also adhering to the standing and walking limitations.  Further, the only available

information regarding the standing and walking requirements of plaintiff's past receptionist work,

the work history report, implies this job involved more standing and walking than that allowed

by the RFC finding.  The ALJ failed to make adequate findings to support his conclusion that,

based on the RFC, the plaintiff could perform her past receptionist job as it was actually

performed.

In regard to determining the physical and mental requirements of past relevant work as

generally performed, the best source for this information is the Dictionary of Occupational Titles

("DOT").  See Pinto, 249 F.3d at 845.  According to the DOT and the vocational expert testimony,

the job of receptionist is classified as sedentary work with an SVP level of 4.  AR 28.  The ALJ

found the plaintiff capable of performing her past work as generally performed finding the past

job in line with the RFC finding limiting plaintiff to sedentary, semi-skilled work.  AR 29.

However, the ALJ failed to address the additional limitations in the RFC finding, notably the

need for "brief stretch breaks," and the limitation to standing and/or walking for "15-minute

intervals for 1-to-2 hours per day." AR 22.  The DOT description of receptionist does not address

these limitations.  As held by the court in Pinto, "in order for an ALJ to rely on a job description

in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations,

the ALJ must definitively explain this deviation." 249 F.3d at 847.  The ALJ provided no

explanation and failed to elicit any vocational expert testimony to support his finding that the

plaintiff could work as a receptionist as defined by the DOT with the additional limitations in

standing and walking as well as the need for "brief stretch breaks." For the above reasons, the ALJ

REPORT AND RECOMMENDATION - 6

1  failed to make the requisite factual findings necessary to support his finding that the plaintiff

2  could perform her past relevant work, either as actually or generally performed.

3  II.    The ALJ's Evaluation of the Medical Evidence in the Record

4         The ALJ is responsible for determining credibility and resolving ambiguities and

5  conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

6  Where the medical evidence in the record is not conclusive, "questions of credibility and

7  resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639,

8  642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v.

9  Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining

10 whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all)

11 and whether certain factors are relevant to discount" the opinions of medical experts "falls within

12 this responsibility." Id. at 603.

13        In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must

14 be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ can do this "by

15 setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating

16 his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences "logically

17 flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may draw "specific

18 and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th

19 Cir. 1989).

20        The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

21 opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

22 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can

23 only be rejected for specific and legitimate reasons that are supported by substantial evidence in

REPORT AND RECOMMENDATION - 7

the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Plaintiff argues that the ALJ failed to provide adequate reasons for discrediting the opinion of examining psychiatrist, Katerina Higgins, in favor of the opinions of non-examining doctors Michael Regets and Matthew Comrie.  Dkt #11, p. 12-20.  The Court agrees.

While, as discussed above, a non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record," the opinion of an examining physician is "entitled to greater weight than [that] of a nonexamining physician." Tonapetyan, 242 F.3d at 1149; Lester at 830-31.  This implies, that where a non-examining physician and an examining rely on the same clinical findings, but come to different

REPORT AND RECOMMENDATION - 8

1   conclusions based on those findings, the ALJ should give greater weight to the conclusions of the

2   examining physician.

3        Here, the ALJ gave "significant weight" to the opinions of non-examining doctors, Dr.

4   Reget and Dr. Comrie, and "less weight" to the opinion of Dr. Higgins, an examining doctor.  AR

5   27-28.  In discussing the non-examining doctors' opinions the ALJ noted:

6

7        These opinions are consistent with the objective findings and the claimant's longitudinal
         mental health history, as well as her range of activities, as noted above, demonstrating
8        that her mental condition does not preclude all work.  Further, these opinions directly
         support the mental residual capacity assessment set forth in this decision that the claimant
9        is capable of work involving simple and detailed tasks commensurate with SVP level 1 to
         4 occupations.
10

11  AR 27.  In evaluating the opinion of Dr. Higgins, the ALJ found:

12

13       Dr. Higgins's opinion is not fully supported by the objective medical evidence.  It is
         inconsistent with the claimant's performance on mental status exam as reported by Dr.
         Higgins (e.g. average range intellectual function; fully oriented; no significant difficulties
14       with long-term memory; calculations intact; no impairment in global cognitive
         functioning on cognitive status exam)(Ex 26F/3-4).  This opinion is further inconsistent
15       with the claimant's regular mental status screenings during the course of treatment
         indicating normal cognitive function (e.g. 3F/36, 49; 35F/2, 8).  Additionally, Dr. Higgins'
16       opinion is not correlative with the claimant's range of activities, as discussed above, that
         strongly suggests she is capable of limited work (e.g. prepares meals; performs household
17       chores, drives, shops in stores, and uses computer).  Therefore, Dr. Higgins' opinion is
         given less weight.
18

19  AR 28.  These opinions are the only significant medical evidence in the record regarding the

20  plaintiff's mental impairments.

21       The ALJ's reasons for discrediting Dr. Higgins's opinion were not specific and legitimate.

22  The ALJ based part of his reasoning on the assertion that the opinion is inconsistent with the

23  mental status exam ("MSE").  AR 28.  He lists some findings from the MSE as evidence of this,

24  but gives no further explanation.  As plaintiff correctly points out, her deficits are primarily in

25  the area of visual memory, not in overall cognitive ability.  See Dkt. #11, p. 15-16.  The ALJ

26  fails to explain how things like being "fully oriented" or having "no significant difficulties with

REPORT AND RECOMMENDATION - 9

long-term memory" are inconsistent with extensive memory testing showing severe deficits in visual memory.

The ALJ's argument that Dr. Higgins's opinion is inconsistent with other MSEs in the record also fails. The MSEs cited by the ALJ are nothing more than brief notes from the plaintiff's medical providers noting she was "alert and cooperative" with a "normal mood and affect" and "normal attention span and concentration." AR 323, 336, 562, 568. There is no evidence that any testing was completed during these office visits. As stated above, Dr. Higgins found the claimant to have severe deficits in visual memory, and the ALJ failed to provide any explanation for how these statements are inconsistent with Dr. Higgins's opinion.

The ALJ also found that the claimant's daily activities suggest she is capable of limited work. AR 28. While her activities may demonstrate some functional ability, it does not explain why Dr. Higgins's opinion should be discredited. Dr. Higgins did not opine that the claimant was incapable of doing all normal daily activities. In fact, Dr. Higgins noted the claimant would be capable of managing her own funds and "performing self-care and ADLs independently." AR 451. The ALJ failed to provide specific and legitimate reasons for discrediting Dr. Higgins's opinion in favor of the opinion of the non-examining doctors.

III.   This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate

REPORT AND RECOMMENDATION - 10

1    award of benefits is appropriate." Id.

2        Benefits may be awarded where "the record has been fully developed" and "further

3    administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v.

4    Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, they should be awarded where:

5
         (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
6        claimant's] evidence, (2) there are no outstanding issues that must be resolved
         before a determination of disability can be made, and (3) it is clear from the
7        record that the ALJ would be required to find the claimant disabled were such
         evidence credited.
8

9    Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

10                                    CONCLUSION

11       Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

12   improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as

13   well that the Court reverse the ALJ's decision and remand this matter to defendant for further

14   administrative proceedings in accordance with the findings contained herein.

15       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

16   72(b), the parties shall have **fourteen (14) days** from service of this Report and

17   Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file

18   objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn,

19   474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

20   is directed set this matter for consideration on **May 30, 2014**, as noted in the caption.

21       DATED this 5th day of May, 2014.

22

23

24

25                                    Karen L. Strombom
                                      United States Magistrate Judge
26

REPORT AND RECOMMENDATION - 11